R. H. DAY COMPANY *v.* J. A. THOMAS.

[56 South. 315.]

1. ACTION BY CREDITOR. *Credit given principal. Charge on books.*

Where suit is brought against a landlord for merchandise sold and delivered to his tenant, an instruction that if the goods were not charged to the landlord on the books, plaintiff could not recover, is reversible error since the question whether the goods were charged to the tenant or to the landlord does not alone determine the issue of the defendant's indebtedness.

2. SAME.

Mere form of bookkeeping is not decisive. The goods may be charged on the books to one person, when another is the primary debtor, to whom the credit was really extended.

APPEAL from the circuit court of Newton county.
HON. C. L. DOBBS, Judge.

Suit by R. H. Day Company against J. A. Thomas. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Alexander & Whitfield,* for appellants.

We call attention to the fourth instruction granted for the defendant. It tells the jury that they need not hold defendant liable practically under any condition unless they should believe from the evidence that defendant "assumed the account in writing, or unless he authorized plaintiff to charge the goods to himself." Why should the question whether the account was assumed "in writing" be left to the jury, when it is undisputed under the evidence that the agreement was in writing?

The instruction further charges that there could be no liability on the part of the defendant unless the "goods were charged to defendant, Thomas, on the books

of the plaintiff." This certainly left an erroneous idea in the minds of the jury. One can owe a debt to a business concern without the goods being "charged on the books of the concern." The question whether the books show the account does not concern the vital issue of indebtedness or non-indebtedness of the defendant to the plaintiff.

The fifth instruction told the jury that if they should believe the negro to be responsible instead of the defendant, then the jury should find for the defendant. This instruction may have confused the jury away from the idea that both the negro and the defendant could be liable.

*W. I. Munn,* for appellee.

The appellant's counsel next complains of the instructions granted at the request of the defendant, and among other things, says: "Why should the question whether the account was assumed in writing be referred to the jury when it is undisputed in the evidence that the agreement was in writing? Evidently, the counsel is confused again and has in mind the one hundred twenty-five dollars instead of the whole amount testified about. Doubtless the counsel here refers to instruction 4, and we desire to state that we have carefully read this instruction for both the plaintiff and the defendant, and the plaintiff gets the benefit of the very matter that he complains of in the first instruction granted by the court on request of plaintiff, which is as follows: "The court instructs the jury that if you believe from the preponderance of the testimony in this case that the defendant agreed to pay for whatever goods Browd Roberts wanted, and that R. H. Day Company under said agreement sold the goods to Thomas and charged them to Thomas instead of Browd Roberts, then they should find for the plaintiff." Given. Here the plaintiff gets the benefit of the very thing that he would have this court

believe that the circuit judge deprived him of. It can be seen that this instruction for the plaintiff gives the jury great latitude and certainly this court would not reverse this case upon this point, if the plaintiff got the benefit of that which he complains of in one of his own instructions. This instruction for the plaintiff does not confine the jury to the "charging of the goods on the books of the plaintiff," but goes so far as to tell the jury that if they believe "from a preponderance of the testimony in this case that defendant agreed to pay for whatever goods Browd Roberts wanted, etc." So far as this court knows the jury read all of the instructions and it is not for this court to say which of the instructions the jury might have read (presumably all of them), but after this court is satisfied that the plaintiff got the benefit of the law, then there will be no error, hence no reversal on this point. Lastly, counsel says that the court erred in granting this instruction.

McLAIN, C.

R. H. Day Company, appellant, sued J. A. Thomas, appellee, in the justice of the peace court for seventy-three dollars and twenty cents, and obtained judgment against Thomas, and from this judgment he appealed to the circuit court of Newton county, and on the trial of the case in said court judgment was rendered in favor of Thomas, the appellee. Appellant, R. H. Day Company, prosecutes this appeal.

The question presented in this case is the liability of Thomas to R. H. Day Company for seventy-three dollars and twenty cents for merchandise delivered by appellant to Browd Roberts, a tenant upon the plantation of Thomas. Appellant testifies that its concern sold the goods on credit and responsibility of the appellee, Thomas. Appellant furnished Browd Roberts along through the year with merchandise to the amount of two hundred thirty-seven dollars, and sixty-five cents the

payments of Browd Roberts upon this account reduced it to seventy-three dollars and twenty cents. Appellee admits he was liable for one hundred twenty-five dollars by virtue of an agreement between him and appellant. On the other hand, appellant claims that appellee is liable for the whole amount furnished Browd Roberts, as no specified amount was agreed upon between appellant and appellee for Roberts to have.

Upon the trial in the circuit court, the jury found a verdict for appellee, Thomas. On the trial, instruction No. 4, asked and given by the court for defendant, tells the jury expressly that, if the evidence did not show that the goods were charged to Thomas on the books, they should find for defendant. The indisputable fact is the goods were charged to the tenant, Browd Roberts, on the books. This instruction, under the evidence, was in effect, a peremptory charge, not curable by any instruction in the record. Mere form of bookkeeping is not decisive. The goods may be charged on the books to one person, when another is the primary debtor, to whom the credit was really extended; and the test is, not to whom they were charged on the books, but simply and solely to whom the credit was extended. Manifestly, this instruction charges that there could be no liability on the part of appellee, unless the goods were charged to him on the books of the appellant. The question whether the books of appellant showed that the goods were charged to Browd Roberts, or to appellee, Thomas, does not alone determine the issue of indebtedness or nonindebtedness of Thomas to R. H. Day Company.

For the error contained in this instruction, we think the case should be reversed and remanded.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated by the commissioner the case is reversed and remanded.